RECEIVED

USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK

DATE 8 / 27 /14

JDB

UNITED STATES DISTRICT COURT                    a
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

GLENN MICHAEL WEBB, JR.          DOCKET NO. 1:14-CV-1222; SEC. P

VERSUS                           JUDGE DRELL

WARDEN                           MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION

Pro se petitioner Glenn Michael Webb filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on June 13, 2014, amended on July 30, 2014. [Doc. #1,5] Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at David Wade Correctional Center in Homer, Louisiana. Petitioner attacks his conviction and sentence for 260 counts of aggravated incest in the Twenty-Eighth Judicial District Court, LaSalle Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Procedural History*

Following a trial by jury, Petitioner was convicted of two hundred and sixty counts of aggravated incest, in violation of La.R.S. 14:78.1, and he was sentenced to twenty years at hard labor on each count. Petitioner appealed, asserting that his sentences were excessive. The sentences were affirmed on appeal. State v. G.M.W., Jr., 916 So.2d 460, 2005-391 (La.App. 3 Cir. 11/2/05) and 916 So.2d 464, 2005-392 (La.App. 3 Cir. 11/2/05)(affirmed for the

reasons set forth in 916 So.2d 460).   Petitioner did not seek further direct review.

Petitioner states that he filed an application for post-conviction relief on September 13, 2007, which was denied.  Writs were denied by the Third Circuit Court of Appeals (Docket No. 12-01173) on July 16, 2013, and denied by the Louisiana Supreme Court on April 4, 2014, State ex rel. Webb v. State,  135 So.3d 636, 2013-2045 (La. 4/4/14).

### Law and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a "1-year period of limitation shall apply" to a state prisoner's application for a writ of habeas corpus in federal court.  28 U.S.C. §2244(d)(1).   This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).   In this case, Petitioner appealed his sentence and conviction in the Third Circuit Court of Appeals, but did not seek certiorari in the Louisiana Supreme Court.  Petitioner had a period of thirty days from the mailing of the notice of the original judgment of the court of appeals (on or around November 2, 2005) to seek further direct review in the Louisiana Supreme Court.  See La.Sup.Ct.Rules, Rule 10, Section 5.  Thus, Petitioner's conviction and sentence became final by the expiration of the thirty day time limit within

which to seek further review, which was on or around December 2, 2005.  Petitioner then had one year from December 2, 2005, or until December 2, 2006, within which to seek habeas relief in federal court.

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review was pending in state court is not counted toward the limitations period.  See Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, **any lapse of time *before* the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period.**  See Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998).  Federal courts may raise the one-year time limitation sua sponte.  See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner alleges that he filed his state application for post-conviction relief on October 1, 2007.  The one year limitations period under the AEDPA, however, had expired on December 2, 2006.  Thus, the time in which Petitioner's post-conviction application was pending does not apply; a limitations period that has already expired cannot be tolled.  See Flanagan, supra.

The Fifth Circuit has held that the AEDPA's one-year statute

3

of limitations can, in rare and exceptional circumstances, be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327 (2007)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case.  There are no allegations that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

### Conclusion

The available evidence clearly establishes that the instant petition is time-barred.  Therefore, **IT IS RECOMMENDED** that Webb's petition for writ of habeas corpus be **DENIED AND DISMISSED WITH**

**PREJUDICE** because the claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

### *Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 26th day of August, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE